**The DEERFIELD COMPANY et al.,**
**Appellants,**

**v.**

**Edith F. STANLEY, County Attorney of**
**Jefferson County, et al., Appellees.**

Court of Appeals of Kentucky.

May 16, 1969.

Ernest H. Clarke, McElwain, Dinning, Clarke & Winstead, Joseph Gathright, Louisville, for appellants.

Michael R. McMahon, Alex G. Booth, Louisville, for appellees.

Edith F. Stanley, County Atty., Louisville, pro se.

DAVIS, Commissioner.

Appellants contend that the trial court erred in enjoining the continuation of a nonconforming use of property zoned as R–4 in Jefferson County.

The property in question is situated on Hubbards Lane in suburban Jefferson County. The appellant, F. L. Crabtree, has maintained a stand on the edge of Hubbards Lane to conduct a business of selling certain produce. It is agreed by the parties that the applicable zoning regulation permits the sale of all produce grown on the property but prohibits the importation of such items for sale from the premises. The appellants defended the injunction suit brought against them by the appropriate Jefferson County officials on the basis that a stand for the sale of produce, both home-grown and imported, had been maintained on the property before the effective zoning law and continuously since, so as to qualify as a nonconforming use within the purview of KRS 100.068. The chancellor heard proof from several witnesses on that critical question and resolved the conflicting testimony against the appellants.

The effective date of the zoning ordinance in question was May 10, 1943. The appellants presented witnesses who recalled having purchased produce at a stand on the property as early as 1943, but the witnesses candidly admitted that they could not say whether their purchases had been of home-grown or imported products.

The testimony of C. Leo Krebs, who owned the property from September 1942 until September 1954, was to the effect that when be bought the property it had no residence on it and was a virtual wilderness. He related that it was probably six months or a year after he bought it before any residence was built upon it

and that he often rode horseback on the property during 1944 and 1945 and noted no such stand during that time. As noted, there was a conflict in the evidence, and the chancellor chose to be persuaded by the evidence presented in behalf of the appellees. We are not able to say that his finding in this regard was clearly erroneous, and we will not disturb it. CR 52.01.

■ The appellants complain that the trial judge placed an inordinate burden upon them as to the measure of proof required. This argument stems from the chancellor's statement in his findings of fact that: "The proof of such use falls far short of being clear and convincing." Appellants contend that there was no requirement for "clear and convincing" evidence vis-a-vis the usual rule requiring establishment of facts by the preponderance of the evidence. It follows, reason the appellants, that since the chancellor applied an erroneous standard in evaluating the evidence the usual rule prescribed in CR 52.01 is inapplicable. We are not persuaded that the chancellor's opinion is susceptible of the interpretation placed upon it by appellants and do not consider that the chancellor applied an erroneous rule for weighing the testimony before him. We do not construe the chancellor's language as indicating that he regarded himself bound to follow the "clear and convincing" rule as it has been stated in "fraud" cases. In any event, the evidence before the chancellor was sufficient to warrant his factual finding when measured by the usual rule in cases of this type.

■ The appellants urge that we reconsider the ruling announced in Attorney General v. Johnson, Ky., 355 S.W.2d 305, that a nonconforming use may not be continued merely because the enforcing officials have failed to take action to prevent it for a long time. The court is still persuaded of the soundness of the rule as announced in Attorney General v. Johnson and is not disposed to depart from it.

The judgment is affirmed.

MONTGOMERY, C. J., and MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

EDWARD P. HILL, J., dissents.